

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

*Coryell Co,*

Hon. C. E. Alvis, Jr.
County Attorney
Gatesville, Texas

Dear Sir;

Opinion No. O-2559
Re:  Is the stated poll tax
exemption, due to loss of
eyes, authorized by law
under article 2960, Ver-
non's Civil Statutes,
wherein it is provided
that a blind person is
entitled to an exemption?

We have received your recent letter wherein you
request the opinion of this department upon the above stated
question.  Your letter reads, in part, as follows:

"FACTS:  Mr. H. has been issued a certificate
of exemption from poll tax where the reason for
exemption is stated as 'Loss of eye'.  Mr. H. has
good vision in one eye and is able to carry on
his occupation normally in every way in spite of
this disability he is totally blind in the other
eye.

"QUESTION:  Is such an exemption authorized
by law under Art. 2960 R.C.S. wherein it is pro-
vided that a blind person is entitled to an ex-
emption."

Article 2960, Vernon's Civil Statutes, provides:

"Every person who is more than sixty years
old or who is blind or deaf or dumb, or is per-
manently disabled, or who has lost one hand or
foot, shall be entitled to vote without being
required to pay a poll tax, if he has obtained
his certificate of exemption from the county tax
collector when the same is required by the pro-
visions of this title."

Hon. C. E. Alvis, Jr., page 2.

        This question was passed upon by the Court of Civil
Appeals of Texas in the case of McCormick vs. Jester, 115 S.W.
278, wherein the court held:

        "The court erred in holding the vote of J. D.
    Pilkington at the Re box valid, and in failing to
    deduct the same from the votes cast at said box
    against prohibition. This voter did not have a
    poll tax. He was 42 years old. He claimed to
    be exempt from payment of a poll tax by reason of
    being blind, or at least disabled. The statute
    exempts those from the payment of a poll tax who
    are permanently disabled or blind. Gen. Laws
    1905, p. 521, c. 11, § 6. This voter kept a cold
    drink stand at Re. He testified: 'I waited on
    my trade and customers myself.' Whenever a cus-
    tomer would call for any certain drink 'I would
    give it to him, and when he would hand me the
    money I would give him back the change. I would
    put my soda water bottles in the ice box and
    assort them out myself.' He could wait on his
    customers, get the right article called for, and
    make his own change. He was not blind, nor per-
    manently disabled, within the meaning of the elec-
    tion law. Acts Leg. 1905, pp. 521, 523, c. 11,
    §§ 6 and 12; Bigham v. Clubb (Tex. Civ. App.) 95
    S. W. 675."

        Therefore, you are respectfully advised that it is
the opinion of this department that an individual who is
blind in one eye, but has good vision in the other, is not
blind within the meaning of Article 2960, Vernon's Civil
Statutes, and is not entitled to a poll tax exemption under
said Article due to blindness.

        As requested by you, we are enclosing herewith cop-
ies of our opinion Nos. O-1741, O-2434 and O-2155.

        Trusting that the foregoing satisfactorily disposes
of your inquiry, we remain

                                Yours very truly

                            ATTORNEY GENERAL OF TEXAS

                            BY _____
                                D. Burle Davies
                                Assistant

DBD:jm          APPROVED JUL 24, 1940
Encls.

                    GENERAL OF TEXAS

APPROVED OPINION COMMITTEE BY BWB CHAIRMAN